UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                           Plaintiff

                                              DECISION AND ORDER

-vs-
                                              19-CR-6047 CJS/MWP

MATTHEW D. LINCOLN,

                           Defendant.

_____

This case was referred by text order of the undersigned, entered March 29, 2019,   ECF No. 34,   to Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). On July 28, 2019, Defendant filed an omnibus motion, ECF No. 43, seeking *inter alia* suppression of statements, suppression of tangible evidence, dismissal of the indictment, disclosure of grand jury materials. At a court appearance on August 14, 2019, ECF No. 45, Defendant withdrew his motion to suppress tangible evidence. On December 23, 2019, Magistrate Judge Payson filed a combined Report and Recommendation ("R&R"), and Decision and Order ("D&O"). (ECF No. 58)   In her R&R, Magistrate Judge Payson recommended that the Court deny Defendant's motion to suppress statements and deny his motion to dismiss the indictment, and in her D&O, Magistrate Judge Payson denied Defendant's application for disclosure of Grand Jury materials.

Defendant requested and was granted five extensions to file objections to the R&R and D&O. In that regard, on April 20, 2020, ECF No. 72, Defendant filed timely

objections to the R&R [1] As to the R&R, Defendant essentially reiterates the arguments made before Magistrate Judge Payson. He argues that the subject indictment should be dismissed as defective based upon statutory grounds and/or based upon constitutional grounds and/or based upon selective/vindictive prosecution. Defendant further maintains, that the statements at issue were not voluntary because of tactics employed by law enforcement and should be suppressed.

Further, in his Objections to Report and Recommendation, ECF No. 72, Defendant states that he recognizes that objections should be articulated with a degree of specificity, but nonetheless, the defendant maintains a general objection to all other recommendations and orders that are issued adverse to the relief requested in the defendant's pretrial motions and related submissions. The Court questions whether this non-specific language amounts to a valid objection by Defendant to Judge Payson's D&O denying his motion for disclosure of Grand Jury Materials. However, in an abundance of caution, the Court will consider it so.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a de novo determination of those portions of Magistrate Judge Payson's R&R to which objections have been made. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

Pursuant to 28 U.S.C. § 636(b)(1)(A), this Court must determine whether Judge Payson's D&O denying Defendants' application for the disclosure of Grand

---

[1] On April 22, 2020, the Government filed a letter request, ECF No. 74, asking until May 20, 2020, to respond to Defendant's objections. There being no opposition on Defendant's part, the Court so ordered the Government's letter request. (ECF No. 75.)

Jury materials was clearly erroneous or contrary to law. An order is "clearly erroneous" when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Chen v. Bd. Of Immigration Appeals*, 435 F.3d 141, 145–46 (2d Cir. 2006) (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855 (1982)). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Collens v. City of New York*, 222 F.R.D. 249, 251 (S.D.N.Y. 2004) (internal quotations omitted)

Upon a de novo review of the R&R, and after consideration of Defendant's objections, the Court accepts Judge Payson's proposed findings and recommendations. Therefore, the application to dismiss the indictment and the application suppress statements are denied.

Additionally, the Court finds that Judge Payson's D&O denying Defendant's application for disclosure of Grand Jury materials is neither clearly erroneous nor contrary to law.

Accordingly, for the reasons set forth in Magistrate Judge Payson's R&R, ECF No. 58, Defendant's application to dismiss the indictment and to suppress statements are both denied. Moreover, for the reasons set forth in Magistrate Judge Payson's D&O, ECF No. 58, Defendants' application for disclosure of Grand Jury materials is denied.

In accordance with and for the reasons set forth in the General Order for the District Court for the Western District of New York, signed by the Honorable Frank P. Geraci, Chief Judge, on June 15, 2020, which references previous General Orders

3

signed by Judge Geraci on March 18, 2020, and May 13, 2020, the Court finds that the time from June 18, 2020, the date of this Decision and Order through July 15, 2020, is excludable for speedy trial purposes pursuant to 18 U.S.C. 3161 (h)(7) (A) &(B). In that regard, the Court prospectively finds that the exclusion is warranted in the interests of justice and outweighs either the Defendant's right or the public's right to a more speedy trial. This finding is based upon the fact that our country remains confronted with the daunting health and safety concerns occasioned by the Covid-19 pandemic, an internal crisis unparalleled in our nation's history, which has led to stringent social distancing measures and the necessity of using face covering in public, despite which approximately 120,000 deaths have occurred. While our country is in the midst of reopening attempts, as of the date of this Decision and Order, cases of Covid-19 are spiking in Arizona, South Carolina, Florida, Alaska, Arkansas, California, New Mexico, Kentucky, North Carolina, Mississippi, Oregon, Tennessee, Texas, Utah, and Puerto Rico.

IT IS SO ORDERED.

DATED:      June 18, 2020
            Rochester, New York

                                        _____
                                        CHARLES J. SIRAGUSA
                                        United States District Judge

4