IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

       v.                                           19-CR-6047-CJS-MWP

MATTHEW D. LINCOLN,

               Defendant.

---

## PLEA AGREEMENT

The defendant, MATTHEW D. LINCOLN, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and to plead guilty to a one count Information that charges a violation of Title 18, United States Code, Section 2252A(a)(2) (Attempted Receipt of Child Pornography), for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 for the offense of conviction pursuant to Title 18,

United States Code, Section 3014, in addition to the assessment imposed under Title 18, United States Code, Section 3013.

3.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

4.     The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions:  where the defendant resides;  where the defendant is employed; and where the defendant is a student.  The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information.  The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the

2

defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II.   ELEMENTS AND FACTUAL BASIS

5.    The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.    The defendant attempted to receive an image of child pornography;

b.    The image of child pornography would have been shipped or transported in or affecting interstate or foreign commerce using any means or facility of interstate or foreign commerce; or would have been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

c.    At the time the defendant attempted to receive the image, he knew that what he attempted to receive constituted child pornography.

## FACTUAL BASIS

6.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.    Between on or about February 1, 2018, through and including on or about February 15, 2018, the defendant, MATTHEW D. LINCOLN, engaged "Aly," whom he believed to be a 16- year-old female, in sexually explicit conversations *via* text messaging. "Aly" was in fact an undercover Brighton Police Department Investigator.

3

b.  The defendant used a Blue Samsung Galaxy S6 cellular phone bearing IMEI Number 990004870289869 to send messages to and receive messages from "Ally." The Samsung Galaxy S6 phone was manufactured in China.

c.  During their conversations, "Aly" clearly identified herself as being 16 years old. The defendant acknowledged "Aly's" age and continued to engage her in sexually explicit chats. The defendant also discussed traveling to meet "Aly" in person and engaging in sexual intercourse with her. Had this conduct occurred, the defendant could have been charged with a criminal offense under New York State Penal Law.

d.  During this period, the defendant attempted to receive child pornography from "Ally."

e.  On February 15, 2018, the defendant traveled to Brighton, New York, in the Western District of New York, for the purpose of meeting and engaging in sexual activity with "Aly." The defendant was arrested by law enforcement at that time.

f.  At all times relevant, the defendant believed that "Aly" was an actual 16 year old female.

## III.   SENTENCING GUIDELINES

7.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

8.  Pursuant to Sentencing Guidelines § 1B1.2(a), the government and the defendant agree that the defendant's sentencing range for imprisonment and a fine shall be determined as if the defendant was convicted of a violation of Title 18, United States Code, Section 2422(b).

4

## BASE OFFENSE LEVEL

9.    The government and the defendant agree that Guidelines § 2G1.3(a)(3) applies to the offense of conviction and provides for a base offense level of 28.

## SPECIFIC OFFENSE CHARACTERISTICS

## U.S.S.G. CHAPTER 2 ADJUSTMENTS

10.    The government and the defendant agree that the following specific offense characteristic does apply:

a.    the two level increase pursuant to Guidelines § 2G1.3(b)(3) [the offense involved the use of a computer to persuade, induce, entice, coerce, or facilitate the travel of the minor to engage in prohibited sexual conduct].

## ADJUSTED OFFENSE LEVEL

11.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 30.

## ACCEPTANCE OF RESPONSIBILITY

12.    At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 27.

5

9

## CRIMINAL HISTORY CATEGORY

13.     It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES, APPLICATION, CALCULATIONS AND IMPACT

14.     It is the understanding of the government and the defendant that, with a total offense level of 27 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 70 to 87 months, a fine of $25,000 to $250,000, and a period of supervised release of 5 years and up to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

15.     The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and

recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

16.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.     STATUTE OF LIMITATIONS

17.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.     REMOVAL

18.     The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

7

## VI.   GOVERNMENT RIGHTS AND OBLIGATIONS

19.   The defendant understands that the government has reserved the right to:

a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.   advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

20.   At sentencing, the government will move to dismiss the Indictment in this action.

## VII.   APPEAL RIGHTS

21.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment,

8

a fine and supervised release set forth in Section III, ¶ 14, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

22.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 14, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   FORFEITURE PROVISIONS

24.     As a result of his conviction for the foregoing offense alleged in Count 1 of the Information, the defendant agrees to criminally forfeit to the United States pursuant to Title 18, United States Code, Section 2253(a)(3), any and all property, real and personal, used or intended to be used to commit or to promote the commission of such offense, and all property traceable to such property, including but not limited to the following:

9

a.    One (1) Blue Samsung Galaxy S6 cellular phone bearing IMEI Number 990004870289869.

25.    The defendant also agrees that the property listed above is properly forfeitable to the United States pursuant to Title 18, United States Code, Section 2253(a)(3). The defendant further agrees to fully assist the government in the forfeiture of the aforementioned property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, as deemed necessary by the government.

26.    After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this,

pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time the guilty plea is accepted.

27.    The defendant agrees that forfeiture of the aforementioned property as set forth in this agreement shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

28.    The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets.  The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding.  The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

## IX.    TOTAL AGREEMENT AND AFFIRMATIONS

29.    This plea agreement represents the total agreement between the defendant, MATTHEW D. LINCOLN, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

11

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
MEGHAN K. MCGUIRE
Assistant United States Attorney

Dated:  August 14, 2020


I have read this agreement, which consists of pages 1 through 12.  I have had a full
opportunity to discuss this agreement with my attorney, Mark A. Foti, Esq.  I agree that it
represents the total agreement reached between me and the government.  No promises or
representations have been made to me other than what is contained in this agreement.  I
understand all of the consequences of my plea of guilty.  I fully agree with the contents of this
agreement.  I am voluntarily and of my own free will giving my attorney, Mark A. Foti, Esq.,
permission to sign this agreement on my behalf.

/s/ Matthew Lincoln , pp Mark Foti.
Signed by Mark Foti on Matt Lincoln's Behalf
_____
MATTHEW D. LINCOLN
Defendant

Dated:  August 14, 2020

_____
MARK A. FOTI, ESQ.
Attorney for the Defendant

Dated:  August 14, 2020